By the Court. Bosworth, Ch. J.
—No motion was made for a new trial, on the ground that the verdict is against evidence.
There is no ground for doubting that while the plaintiff was standing in one of the defendants’ cars, another of defendants’ cars was driven or propelled against it so violently that the plaintiff, by reason of such collision of the two cars, was thrown down and injured. He swears to this general fact. Sesson corroborates it. Halliday corroborates the testimony of the plaintiff as to the fact of the colliding car rebounding, or having a backward motion given to it by reason of the violent or forcible contact, of that car with the one in which the plaintiff was. If, then, the plaintiff was free from any negligence contributing to his injury, and was injured by the violent manner in which the two cars came in contact, and if this violent contact resulted from the negligence of the defendants, the plaintiff’s right to recover would seem to be clear.
The charge itself was not excepted to. And, unless some instruction which the defendants requested should be given to the jury, was erroneously refused, no error was committed which can be reviewed on an appeal from the judgment alone.
What is the theory on which the defendants’ first request seems to have been made? The plaintiff had testified' “ that the accident was occasioned by another car colliding against the car in which he was, with great violence,” * * * whereby “ he was suddenly flung headlong through the car; * * *. he was thrown from the rear door of the car to the stove, which was in the middle.”
The defendants then “ gave evidence tending to show, from experience, and by the laws of motion, that the plaintiff could not have been thrown forward, and injured in the manner he claims to have been, by a c.ar being propelled against the rear of the car in which he was standing.”
The defendants then made their request for an instruc *442 tion to the jury, “that if they believed from the evidence that the injury to the plaintiff was not caused by the car which was coming up being propelled against the car in which he was standing, as testified by him, then he is not entitled to recover.”
■ This request seems to be made upon the theory that if the evidence satisfied the jury that the colliding car, by being propelled against that in which the plaintiff ' stood, did not throw the plaintiff from the rear of the car forward, then he could not recover. That inasmuch as he had testified that effect upon himself, to have been caused by such a colliding of another car with the rear part of the one in which he stood; and as this effect (as the defendants insisted) could not be produced by such a cause, then the cause ^of the injury was unproved, and there could be no recovery.
In answer to this view of the case, it may be urged that, although the evidence of the defendants, “ from experience,” and relating “to the laws of motion,” tended to show that a car, by being propelled violently against the rear car in which the plaintiff stood, would not throw him forward and injure him, yet the plaintiff had sworn that he was so injured; and a passenger in the same car testified to the same fact; and that the persons seated in the same car “were pitched forward.”
There was evidence, then, on the part of the plaintiff that he was thrown forward and injured, and that persons seated in the same car were pitched forward.
On this evidence, their being nothing to impeach the integrity of the plaintiff ’s witnesses, or the accuracy of their testimony, except so far as it was affected by the defendants’ evidence, “from experience,” and in relation to “ the laws of motion,” the judge told the jury “ that if they believed it to be impossible, from the, evidence, that the injury to Pollard could have been occasioned in the manner stated by him, then he could not recover.”
If it could so occur, it is quite clear that there was no evidence (which is contained in' the case) tending to show *443 it did not so occur, except that given by the defendants tending to show it was impossible that it could have so occurred.
By the charge as made, the question first presented to the mind of the jury was, could the injury have so occurred ?
In this connection the judge further charged, “ That if the injury in fact occurred as stated by Pollard, the company would be liable, unless the jury believed that his negligence contributed to the injury; that in order to recover, he must prove against the company the negligence alleged.” * * “ That it was not necessary, to entitle the plaintiff to recover, that the injury should have occurred precisely as he alleged in his testimony, if the jury believed, from the evidence, that it happened without any default on his part, and from negligence on the part of the company.”
We understand the sentence last quoted, as an instruction , that although the jury may believe that the first and natural effect of propelling a car violently against the rear of that in which the plaintiff stood, would be to give him a backward instead of a forward motion, yet if they believe the actual effect of the collision was to throw him forward and injure him without fault on his part, the plaintiff was entitled to recover.
We think it was not, and could not have been understood by the jury as an instruction that they might find for the plaintiff, on the theory that his injury may have been produced by some other negligence of the defendants’ than their negligently and violently propelling a car against the rear of that in which the plaintiff stood.
" No cause of injury was suggested or could have been considered by the jury, except the negligent and forcible concussion of the two cars belonging to the defendants.
In this view of the charge, it means, and we think must have been understood to mean, that in order to find for the plaintiff, they must be satisfied by the evidence that the plaintiff, without fault or negligence on his part, was thrown down and injured by the defendants’ negligently *444 and forcibly propelling one of their cars against the rear of that in which the plaintiff was standing. And if satisfied that he was so injured, he could recover, notwithstanding the first motion given to his person by the collision may have been backward instead of forward.
In this connection it may not be immaterial to notice that the case states that “ evidence was given on both sides as to the manner of driving up the car or coupling or attaching it to the other, as bearing on the fact of the injury, and the question of defendants’ negligence.”
What this evidence was, or what it justly tended to prove, is not stated in the case.
It may have been sufficient of itself to warrant the charge as made, and to uphold the verdict of the jury.
In any view of the case, the defendants were not entitled to an instruction in the terms of the first request, unaccompanied by the other views submitted to the jury in connection with it. The charge as made, submitted that proposition to the jury, with the qualifications or explanations accmpanying it, and the defendants are not entitled to a new trial by reason of the refusal of the judge to submit the case to the jury in the precise form asked for by the first request to charge.
There is no objection that the cause of the injury, stated in the complaint, is in any respect variant from that which the evidence established.
Whether the first and natural effect of the collision was to throw the plaintiff forward, or whether, according to the laws of motion, it would first throw him backward, until the sudden rebounding of the cars, from the closer proximity into which they had been forced, overcame the motion in that direction, and then suddenly threw him forward, is not a matter of much practical moment, so long as it is free from doubt that the plaintiff, without fault on his part, was suddenly and violently thrown forward by the collision, and injured.
As to the second request to charge, it may be said, that in the series of facts embraced in it, and which it was *445 thereby asked that the jury might be permitted to determine in favor of the defendants, there is one (viz: “that there was room for him in the car which went from there [26th street,] to receive such passengers, and that he might have taken a seat in such car,”) as to which there was no evidence tending to prove that such supposed fact was true. On the contrary,'the plaintiff swears that “he found this car to be full and could get no seat, and there was no other car there.”
There is not a particle of evidence in conflict with this testimony of the plaintiff.
All the evidence given by the defendants bearing upon this matter, was “ evidence tending to show that by the practice and rules of the defendants, which regulations were not printed or communicated to the public, persons who took, passage from that depot were always provided with a car or cars at that station, on a side track, at that street; and that a person was always in attendance there, and was so at this time, to notify <such passengers that they should take passage in such car or cars, and not in those-which came up from Canal street, which were usually filled with passengers from thence.”
This evidence has no tendency to rebut the positive testimony of the plaintiff, that on the morning in question, there was but one car at 26th street, and that this was full, and he could not get a seat in it.
And the jury would not be warranted in finding, that there was more than one car there on the morning of the injury, or that the plaintiff could get a seat in that car; the judge therefore, rightfully refused, “ under the evidence” to submit such a question of fact to the jury.
A rule of the company, that “ passengers who purchased tickets, and took the train from 26th street, should take seats in the car or cars which went from there,” a jury would have no right to find, was known to the plaintiff, or “was generally known to passengers from there;” when the only evidence on the question of their having knowledge of *446 the rule, is, that it was neither printed nor communicated to the public.
No passenger would be required to infer, that he was not permitted to ride in any car in the train, from the mere fact, that there was uniformly one car started from 26th street, and sometimes two. There is no evidence that the porter in attendance told the plaintiff, or any one else, that passengers taking the train at 26th street, were required or expected to take a seat in the car starting from that street, rather than in some other car in'the train.
We think, therefore, that the judge was right, in refusing “ under the evidence,” to charge as secondly requested. •
On the present appeal, the question, whether the damages are excessive, is not before us, and was not argued. The appeal brings before us for review, two exceptions taken at the trial, and nothing else.
We think the exceptions are untenable, and the judgment must be affirmed.
Robertson, J.
—The complaint in this action alleges that the plaintiff, while in a car of the defendants for the purpose of being carried by them to New Haven, -yas violently thrown from the hind part of such car, towards the front part thereof, in consequence of a collision of another car against that in which the plaintiff was, through the carelessness of the defendants and their servants. It also alleges that the colliding car was driven and propelled against that in which the plaintiff was.
The testimony of the plaintiff and another witness, sustained the allegations of the complaint, both as to the mode of injury to the plaintiff by his being thrown forward, and, its cause by the collision of another car, and even the. remote origin of it by the driving of the colliding car against the other. A witness who was driving a third car in the rear of, and towards the colliding car, being examined for the defendants, testified to the retreat of such colliding car towards him and its low rate of speed; other testimony was also given of the mode of driving up and *447 coupling the cars, as bearing on the fact of the injury, and the negligence; evidence was also furnished,” to show by experience and from the laws of motion, that the plaintiff could not have been thrown forward and injuredin the manner he claims to have been” by the .propulsion of a car against the rear of that in which he stood.
The defendants’ counsel requested the judge to charge the jury, that the plaintiff could not recover, if the injury to him was not caused by the car which was coming up, against that in which he stood, as testified to actual instructions given to the jury, were, that the plaintiff could not recover, if they, from the evidence, believed it to-be impossible that the injury to him could have been occasioned in the manner stated by him, but that it was not necessary to entitle him to recover, that the injury should have occurred precisely as alleged in his testimony, provided it happened without fault on his part, and from negligence on the part of the defendants; upon such a charge, the jury must be assumed to have found that it was possible that the injury could have been occasioned in the manner stated by the plaintiff, and also to have based such verdict upon the belief that the injury arose solely from the defendants’ negligence, although it did not occur precisely as alleged in the plaintiff’s testimony. being propelled by him. The
If such request to charge was substantially as contended in the argument, that if the propulsion of the car coming up against that in which the plaintiff was as testified to by him, did not cause the injury to him, he could not recover; then the latter part of the charge was" undoubtedly intended to meet this request, by instructing the jury, that it was not necessary that the injury should have occurred precisely as testified to by the plaintiff; and this presents the questions, whether the precise mode of inflicting the injury as alleged in the complaint, or sworn to by the party injured, on the trial, ■ must be found by the jury, and whether the complaiht in this case, did limit the plaintiff to any such precise mode. The sole ground of liability *448 is the defendants’ negligence without fault on the part of the plaintiff, and the latter was not bound to have traced the injury back; through a succession of causes and effects, until he reached the primary one of negligence, describing minutely, every one of those causes and effects, so as to be compelled to sustain them afterwards, precisely by evidence. It would be sufficient in' this case, for the plaintiff to have alleged and proved that by some shock given to the car, in which he was, in consequence of the careless management of that or other cars, he was thrown forward and injured, and he might perhaps have omitted to describe even the physical immediate cause of his being thrown forward. But the complaint in this case does attribute the plaintiffs’ being thrown forward to a collision of cars; and although it alleges a driving of another one against that in which the plaintiff was, it does not confine the causes of such collision to such driving; such allegation of propulsion may be stricken out of the complaint without affecting the context. If, therefore, the plaintiff sustained injury by being thrown forward by a collision of cars, in consequence of careless mismanagement on the part of the defendants’ agents, it was immaterial whether such collision was produced by the careless backing of the car in which the plaintiff was, or the driving of another against it, to which latter, he ascribed the action of the shock upon his person, or in any other way; the request to charge was therefore too broad.
Another request to charge was made in reference to the plaintiff’s negligence. Evidence was given of rules and practice of the defendants, not communicated to the public, that persons who took passage from the depot where plaintiff took his, were always provided with a car on a side track from where it ran on to the main track, where the plaintiff received his injury, and that a person was always in attendance to notify passengers to take passage in such cars, and not in those which came from a lower station, such as that in which the plaintiff was injured, and which were generally filled with passengers. The plain *449 tiff’s testimony showed that in this case there was only one car standing on the side track, and that was full, and he could get no seat; that he went into the cars on the main track, but found them full, and was looking for a seat in the'car in which he was injured, at the time of the injury. It- was also proved that the plaintiff was in the habit of taking passage in the defendants’ trains at the place where he took it on this occasion.. The defendants requested the judge to charge the jury that the plaintiff could not recover if the defendants’ rule was that passengers talcing passage at the depot in question should take seats in the cars that went from there, and this was generally known to the passengers from there, and there was room for him in the car which went from there, and he might have taken a seat in such car.
There are two insurmountable objections to the legality of the instruction prayed for:
1st. There was no evidence that there was any notice to the plaintiff, or any means taken of communicating to the public the rules alleged; indeed, the stationing of a porter to give individual notice would seem to indicate that the defendants did not rely on any publication of such rules.
2d. The plaintiff testified positively that "the only car on the side track was filled with passengers, and there was no contradiction of his testimony.
Without some evidence that such rule was in a way of being made known to the public and the plaintiff, notwithstanding he frequently went from that depot, and some other evidence to contradict the plaintiff’s testimony that there was no car on the side track .on this occasion, which-contained a vacant seat which the plaintiff could have obtained, besides the general practice of the defendants, the court was right in disregarding such last specified request.
These being the only errors complained of, the judgment should be affirmed with costs.
Judgment accordingly.